UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JUDITH LAMERE,**

    **Plaintiff,**

vs.

**THE ANTHEM COMPANIES, INC.**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Judith LaMere ("Plaintiff" or "LaMere"), by and through her undersigned attorneys, sues the Defendant, The Anthem Companies, Inc. ("Defendant" or "Anthem") and alleges as follows.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

1

## PARTIES

3. Plaintiff is a resident of Hernando County, Florida.

4. Defendant Anthem is a Florida corporation, authorized and doing business in Hernando County, Florida.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## FACTS

9. Plaintiff began her full-time employment on or about May 7, 2018, as a Utilization Review Nurse.

10. Plaintiff suffers from a serious health condition.

11. In March 2021, Plaintiff earned for herself and was recognized with a salary increase for meeting the company's expectations.

12. On November 8, 2021, Plaintiff returned from an approved FMLA leave

of absence.

13. On Thursday, December 2, 2021, Plaintiff was formally recognized for scoring 100% on all three of her quality audits for the month of November.

14. Plaintiff was summoned for Jury Duty and directed to appear on Monday, December 13, 2021, to serve, which she did.

15. Plaintiff fully informed her manager that she would be absent and also sent an inquiry to Human Resources regarding any necessary protocols. Human Resources told her to call out and code her absence as "Jury Duty".

16. On December 10, 2021, the last workday before her Jury Duty and two weeks before Christmas Plaintiff received a call from her manager and her manager's boss telling her she was being terminated for not meeting quality standards.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

17. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 16.

18. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights.

19. Defendant's actions constitute violations of the FMLA.

20. As a result of Defendant's unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for the following damages:

    a.    Back pay and benefits;

    b.    Interest;

    c.    Liquidated damages;

    d.    Attorney's fees and costs;

    e.    Equitable relief;

    f.    Such other relief as is permitted by law.

## COUNT II
## (FMLA DISCRIMINATION/RETALIATION)

21.    Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 16.

22.    Defendant retaliated against Plaintiff for asserting her FMLA rights.

23.    Defendant's actions constitute violations of the FMLA.

24.    As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendants for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

## COUNT III
## JURY SERVICE

25. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 16.

26. Plaintiff was an employee within the meaning of Florida Statute §40.271.

27. Plaintiff's employment was terminated effective December 10, 2021, due to and by reason of Plaintiff's jury service.

28. Defendant has taken unlawful action against Plaintiff in violation of Florida Statute §40.271.

29. As a direct, natural, foreseeable and proximate result of the Defendant's wrongful termination of Plaintiff, Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for compensatory damages, punitive damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 28th day of February 2022.

                FLORIN GRAY BOUZAS OWENS, LLC

                /s/Wolfgang M. Florin
                Wolfgang M. Florin
                Florida Bar No. 907804

wflorin@fgbolaw.com
Christopher D. Gray
Florida Bar No. 0902004
cgray@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
 Facsimile (727) 483-7942
Attorneys for Plaintiff